Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■ ⁙
Kiki Chrisomallides*
Dylan Braverman
Adam S. Covitt

Kevin D. Porter
Susan Vari

Brian Andrews
Margaret Antonino* ■
Edward J. Arevalo
Robert Boccio
Bruce Brady *
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen

Charles K. Faillace ±
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Jason Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis –
Jennifer M. Lobaito
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Nicole M. Varisco
Julia F. Wilcox ⁙
Arthur I. Yankowitz**

VBPNP
VIGORITO, BARKER, PATTERSON,
NICHOLS & PORTER, LLP

Danielle Bennett ∆
Theresa A. Bohm
Angela R. Bonica *
Julia Combs †
Christine Crane
Michael P. Diven * ** ⁙
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Jillian Kuper †
Christian McCarthy
John O'Brien
Daniel O'Connell * ■
Kara Ognibene †
Emily Phillips
Alesha Powell
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Tyler Weingarten †
Alexandra Zerrillo * ** ⁙

*Of Counsel*
Patricia M. Comblo ⁙ ±
Josie M. Conelley
Brian DiPentima*
Tricia M. Criscito
Roseann V. Driscoll
William Gagas ±
Rani B. Kulkarni
Nicole E. Martone
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Paul Varriale
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
-- Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in Ohio
⁙ Admitted to Practice in CO
† Admission Pending

December 27, 2022

Plaintiff shall file a response, not to exceed three pages, by **January 4, 2023**. As indicated in the Court's December 12, 2022 Order, ECF No. 6, the parties should be prepared to discuss this matter at the conference scheduled for January 11, 2023, *see* ECF No. 8.

SO ORDERED.

December 27, 2022

**VIA CM/ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United State Courthouse
40 Foley Square
New York, New York 10007

Re: *The Estate of Juan Ortiz, by his Proposed Administrator, Yolanda Ortiz v. Archcare at Terence Cardinal Cooke Health Care Center, et al.*
Case No. 1:22-cv-10385-JMF

Dear Judge Furman:

The undersigned represents defendant ARCHCARE AT TERENCE CARDINAL COOKE HEALTH CARE CENTER ("Defendant") in the above-referenced action. Through this letter, Defendant respectfully asks the Court to stay this matter and hold anticipated motion practice and/or consideration of remand in abeyance until after the appeals of *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.), *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164, and *Solomon v. St. Joseph Hospital,* No. 21-2729, currently pending in the Second Circuit, are decided.

The anticipated motion practice in this matter includes a pre-answer motion to dismiss based upon Plaintiff's lack of capacity to prosecute this action as a "Proposed" estate representative, and the COVID-19 immunities afforded by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, and New York's Emergency or Disaster Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law § 3082. Defendant anticipates that Plaintiff will also move to remand this action to state court.

As a threshold matter, Plaintiff as "Proposed Administrator" of the decedent's estate lacks standing, and thus lacks capacity to prosecute this action or otherwise act on behalf of the decedent. *See* NY EPTL §5-4.1(1); *Bush v. City of Utica*, 948 F.Supp.2d 246, 253 (N.D.N.Y. 2013), *aff'd sub nom. Bush v. City of Utica, N.Y.*, 558 F.App'x 131 (2d Cir. 2014); *Carrick v. Central General Hospital,* 51 N.Y.2d 242, 246 (1980); *Sam Kyung Cho v. Yongshin Cho*, 45 A.D.3d 388, 389 (1st Dep't 2007); *Butler v. Kings Co. Hospital Center,* 30 Misc.3d 1229(a), 924 N.Y.S.2d 307 (Sup. Ct. Kings County 2011) (dismissing wrongful death claim where "Proposed Administrator" subsequently obtained letters, but never cured initial filing defect). Defendant intends to file a pre-answer motion to dismiss on these grounds because

Plaintiff lacks the capacity to take any step on behalf of the state. As such, Plaintiff cannot oppose dismissal or move to remand. Therefore, dismissal for lack of capacity is warranted, or alternatively, a stay of proceedings until after an administrator is properly appointed.

Second, Defendant removed this action because Plaintiff's Complaint alleges injury relating to the administration of COVID-19 countermeasures to prevent, diagnose and/or treat COVID-19 within the meaning of the PREP Act. Defendant asserts federal subject matter jurisdiction on the grounds that these claims: (1) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*., 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) form the basis for federal jurisdiction because defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l). These issues are before the Second Circuit in the *Leroy* and *Rivera-Zayas* appeals; oral argument occurred on October 31, 2022. On November 14, 2022, the Second Circuit ordered that consideration of these appeals be held in abeyance until the Court issues a decision in *Solomon*. Briefing in *Solomon* on the same jurisdictional questions at issue in this case and in *Leroy* and *Rivera-Zayas* is currently scheduled to conclude by the end of January 2023. A stay would allow the parties the benefit of awaiting a decision from the Second Circuit before engaging in motion practice that could be deemed moot. As such, Defendant respectfully asks this Court to hold any consideration of remand in abeyance until after the Second Circuit renders decisions in these appeals.

Multiple courts in the Southern and Eastern Districts of New York have increasingly stayed motion practice, despite objection by plaintiffs, in similarly situated cases as a matter of judicial efficiency. As E.D.N.Y. Judge Vitaliano recognized in issuing a stay in a case involving identical jurisdictional issues, "a court may…properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *See McGovern v. Our Lady of Consolation Geriatric Care Center,* 2:22-cv-05558-ENV (E.D.N.Y., Sep 29, 2022) (issuing stay pending Second Circuit's resolution of *Leroy* and *Rivera-Zayas* appeals) (citation omitted).

Numerous other courts have similarly ruled. *See, e.g., Cruz v. St. Vincent de Paul Residence, et al.,* 1:22-cv-10515-JGK (S.D.N.Y., Dec. 23, 2022) (staying case pending decisions by Second Circuit); *The Estate of Shirley Brito v. Harlem Center for Nursing and Rehabilitation, LLC et al.*, 1:22-cv-09937-PAE (S.D.N.Y., Dec. 14, 2022) (staying case in light of Second Circuit's pending resolution of appeals, "which address issues central to this Court's jurisdiction."); *Ortiz v. Bronx Harbor Heath Care Complex, Inc., et al.,* 1:22-cv-09348-JLR (S.D.N.Y., Nov. 8, 2022) (staying motion practice until resolution of *Leroy* and *Rivera-Zayas* appeals "which may bear on whether this Court has subject-matter jurisdiction over this case."); *Rah v. Terrance Cardinal Cooke Health Care Center,* 1:22-cv-03801-LLS (S.D.N.Y., Oct 5, 2022) (staying motion practice until resolution of appeals "which may affect whether this Court has subject matter jurisdiction in this case."); *Horton v. Bronx Harbor Health Care Complex, Inc. et al.*, 1:22-cv-06763-ER (S.D.N.Y. Sept. 20, 2022) (staying case pending resolution of *Leroy* and *Rivera-Zayas* appeals); *Cusimano v. Eastchester Rehabilitation and Health Center,* 1:22-cv-06453-DLC (S.D.N.Y., Aug. 29, 2022) (same); *Alston v. Harlem Center for Nursing and Rehabilitation, LLC, et al.*, 1:22-cv-06293-LAK-OTW (S.D.N.Y., Aug. 10, 2022) (same).

*See also Johanna Carlino v. Eger Health Care & Rehabilitation Center,* 1:22-cv-07352-NRM-VMS (E.D.N.Y., Dec. 21, 2022) (staying proceedings pending Second Circuit decisions, which may be

instructive on the jurisdictional questions posed); *Estate of George Karoutsos v. Catholic Health System of Long Island, Inc. et al,* 2:22-cv-05177-EK-SIL (E.D.N.Y., Nov. 29, 2022) (granting Defendant's motion for stay until such time as Second Circuit rules on pending appeals and Plaintiff is duly appointed Administrator of decedent's estate); *Bennett v. Forest Manor Care Center Inc.*, 2:22-cv-05285-ENV-ST (E.D.N.Y., Nov. 21, 2022) (holding motion practice in abeyance pending Second Circuit's resolution of appeals); *Jones v. The Brookdale University Hospital and Medical Center, et al.,* 1:22-cv-02552-RPK-TAM (E.D.N.Y., Nov. 9, 2022) (same); *Vetere v. Suffolk Restorative Therapy and Nursing LLC,* 2:22-cv-04886-FB-ARL (E.D.N.Y. Nov. 4, 2022) (same); *Huston v. Alliance Health Operations, LLC,* 1:22-cv-05085-DG-VMS (E.D.N.Y., Oct. 7, 2022) (ruling that decisions in *Leroy* and *Rivera-Zayas* are likely to be instructive in action); *Gillis v. Carmel Richmond Nursing Home, Inc.,* 1:22-cv-05690-KAM-TAM (E.D.N.Y., Oct. 4, 2022) (same); *Gonzalez v. Parker Jewish Institute for Health Care & Rehabilitation, et al.*, 2:22-cv-05199-AMD-ST (E.D.N.Y., Sep. 9, 2022); *Gavin v. Jackson Heights Care Center, LLC et al.*, 1:22-cv-05006-AMD-RER (E.D.N.Y., Sep. 7, 2022); *Kump v. Chapin Home For The Aging*, Case No. 1:22-cv-03189-DG-MMH (E.D.N.Y. July 19, 2022). (***See*** **Stay Orders attached hereto**).

Defendant respectfully requests that this Court similarly stay motion practice and hold any consideration of remand in abeyance pending the Second Circuit's resolution of the novel jurisdictional questions at issue here.

With respect to the PREP Act, it provides Defendant immunity from suit because Plaintiff's claims arise out of and relate to the administration of covered countermeasures, as defined by the PREP Act, for the prevention, diagnosis and treatment of COVID-19. As such, it is respectfully submitted that the immunity provisions of the PREP Act bar suit for the claimed injuries, requiring dismissal of the Complaint. Plaintiff's claims are also barred by New York's EDTPA, which mandates dismissal of any claim involving care that was impacted by acts or decisions by healthcare providers and facilities in response to the COVID-19 pandemic. Plaintiff alleges injury resulting from the provision of health care services pursuant to a COVID-19 emergency rule, and the patient's care and treatment were impacted by Defendant's decisions and activities in response to the COVID-19 outbreak. The entire premise of the Complaint is a critique of Defendant's activities and decisions in response to or as a result of the COVID-19 outbreak, thereby triggering the immunity conferred by the EDTPA and requiring dismissal.

Alternatively, should this Court decline a stay of motion practice, Defendant respectfully requests that the time to answer or otherwise respond to the Complaint be extended until the foregoing issues are addressed by this Court.

We thank the Court in advance for its consideration of this matter.

Sincerely,

*Megan A. Lawless*

Megan A. Lawless (ML3227)
(m.lawless@vbpnplaw.com)

TO: (via CM/ECF)
Joseph Ciaccio, Esq.
NAPOLI SHKOLNIK, PLLC
*Attorneys for Plaintiff*